IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALMCO ADMINISTRATION, LLC<br><br>                    Petitioner,<br>        v.<br><br>FLOWER PAYMENT, INC. (F/K/A FLOWER POWER, INC. and FLOWER POWER CO. LTD. JAPAN A/K/A FLOWER DENRYOKY KABUSHIKI KAISHA)<br><br>                    Respondent. | Civil Action No. |

**PETITION TO CONFIRM NON-DOMESTIC ARBITRAL AWARD**

Petitioner Palmco Administration, LLC ("Palmco"), by and through its undersigned counsel, petitions for confirmation pursuant to 9 U.S.C § 207 of the final award ("Final Award") in the arbitration conducted through the International Centre for Dispute Resolution, International Arbitration Tribunal, Case No. 01-21-0016-1420 (the "Arbitration") among Palmco, Respondent Flower Payment, Inc. (f/k/a Flower Power, Inc. and Flower Power Co. Ltd. Japan a/k/a Flower Denryoky Kabushiki Kaisha) ("Flower Payment" or "Respondent"), and non-party GQA Holdings LLC ("GQA"), and for judgment in Palmco's favor in the amounts described herein, plus interest and costs.

**THE PARTIES**

1. Petitioner Palmco is a limited liability company, organized under the laws of New York and with its principal place of business in New York. Palmco provides electricity and natural gas to end users in several states across the United States.

2.     Upon information and belief, Flower Payment is a company organized under the laws of Japan, with its principal place of business at 3-3-1 Shin-Tokyo Bld 3F Marunouchi, Chiyoda-ku Tokyo, 100-00005, Japan, and it was formerly known as Flower Power, Inc. and Flower Power Co. Ltd. Japan. Flower Payment "procure[s] electricity from suppliers such as JEPX on behalf of electricity retailers, and then wholesale[s] electricity to the electricity retailers on a deferred payment basis."[1]

3.     Non-party GQA is a limited liability company organized under the laws of Delaware, with its principal place of business at 1485 Hartford Terrace, Alpharetta, GA 30004. Upon information and belief, GQA—a wholly-owned subsidiary of Flower Payment—filed a voluntary petition in bankruptcy on February 6, 2023 in the Northern District of Georgia.[2]

## JURISDICTION AND VENUE

4.     This petition seeks confirmation of the Final Award, which was rendered unanimously in the Arbitration between Palmco as claimant, and Flower Payment and GQA as respondents, in New York.

5.     The Final Award is a non-domestic award, because it arises out of a commercial relationship between U.S. and Japanese companies, it involves performance of obligations in Japan, and has other reasonable relations to Japan. *See* 9 U.S.C. § 202; *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 73 (2d Cir. 2017).

6.     The recognition and enforcement of non-domestic awards is governed by the 1958 United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), implemented by Chapter 2 of the Federal Arbitration Act and codified

---

[1] *See* https://flower-payment.co.jp/service/ (last visited Aug. 18, 2023).
[2] GQA was a named respondent in the Arbitration, but failed to appear in it. *See* Declaration of Robert Palmese dated August 18, 2023 ("Palmese Decl."), Ex. B, ¶ 2.

at 9 U.S.C. §§ 201–208.  New York Convention, Art. I(1); *see also CBF Indústria de Gusa*, 850 F.3d at 73.

7. This Court has original subject matter jurisdiction over this petition pursuant to 9 U.S.C. § 203, which provides that federal district courts have original jurisdiction over actions or proceedings falling under the New York Convention.

8. This Court has personal jurisdiction over Respondent because it "irrevocably submit[ted] to the personal[] jurisdiction of" any state or federal court in New York County, New York, "to confirm any award rendered by the arbitrators under the ICDR Rules arising out of or related to this Agreement, its execution, its interpretation and any default hereunder or the transactions contemplated hereby."  Palmese Decl., Ex. A, § 11.7(b).  This Court also has personal jurisdiction over Respondent because Respondent consented to arbitrate in New York and in fact participated in the Arbitration in New York, and because this petition seeks to confirm an award that was rendered in the Arbitration in New York.

9. Venue is proper in this Court under 9 U.S.C. § 204, 28 U.S.C. 1391(b)(3), and the parties' agreement, which provides that a proceeding to confirm the Final Award may be brought in "any state or federal court in New York, County, New York."  Palmese Decl., Ex. A, § 11.7(b).

## FACTUAL BACKGROUND

**A.   The Parties Enter into the MIPA.**

10. In 2018, the members of Palmco formed International Energy Holding, LLC ("IEH"), a Delaware limited liability company.  In turn, IEH held 100% of the equity interest in Family Energy, G.K. ("Family Energy"), a company that operated in the energy market in Japan.

11. Flower Payment acted as Family Energy's advisor in Japan. Upon request, Palmco posted cash as collateral to secure Palmco's payment for Flower Payment's services. Palmese Decl., Ex. B, ¶ 25.

12. On November 8, 2019, Palmco and the members of IEH entered into a Membership Interest Purchase Agreement with Flower Payment and others ("MIPA"), whereby the members of IEH agreed to sell 100% of the membership interests of IEH to non-party GQA. *See* Palmese Decl., Ex. A.

13. In consideration for the sale of the membership interests in IEH, GQA agreed to the following:

(i) Pay a purchase price of approximately $1,048,000, of which $1,000,000 was to be paid upon the closing, and the remainder on November 14, 2019; and

(ii) On April 30, 2021, return to Palmco the collateral Palmco had previously given to Flower Payment, which amounted to $1,646,690.02 (the "Collateral").

Palmese Decl., Ex. A, §§ 2.2(b)(i), 2.2(c); Ex. B, ¶ 29.

14. In turn, Flower Payment agreed to "assure that [GQA] has sufficient funds to pay [the Collateral] to Palmco." Palmese Decl., Ex. A, § 2.2(c). In addition, Flower Payment "grants a security interest to Palmco" in the Collateral to secure the payment due to Palmco on April 30, 2021. *Id.*

15. Further, Flower Payment "irrevocably, absolutely, fully and unconditionally guarantee[d]" to Palmco and others the performance and payment of all of GQA's (and IEH's) obligations under the MIPA. *Id.*, § 6.7.

16. Neither GQA nor Flower Payment paid the Collateral or any portion thereof to Palmco on April 30, 2021 or at any time thereafter.

17. The Arbitration followed.

**B.  The Arbitrators Render an Award in Favor of Palmco.**

18. Section 11.22 of the MIPA provides, in relevant part, as follows:

> Supplementing Section 11.7, and without limiting the rights of an aggrieved party under Section 11.16, the Parties agree that any controversy or claim arising out of or relating to this Agreement or its formation, interpretation or breach, shall be resolved by arbitration administered and held in accordance with the then International Arbitration Rules of the International Centre for Dispute Resolution (the "ICDR Rules"; see: www.adr.org). The arbitration shall be conducted in the English language in New York County, New York, U.S.A., by three neutral arbitrators, appointed in accordance with the ICDR Rules. The award shall be in the English language. The arbitrators shall decide the dispute in accordance with the laws of the State of New York, USA, applicable to agreements executed and to be fully performed in such state (choice of law rules that might cause the application of the laws of any other jurisdiction shall not apply). The award of the arbitrators shall be final, shall not be subject to appeal or review, and may be entered in any court of competent jurisdiction anywhere in the world.

19. In turn, Section 11.7(a) of the MIPA provides that the MIPA is "governed by, construed, and enforced in accordance with the Laws of the State of New York, without regard to choice of law principles that would require the application of the Laws of any other jurisdiction."

20. Pursuant to Section 11.7(b), the provisions of the MIPA "relating to determination of disputes by arbitration under the ICDR Rules are intended to provide the exclusive means of finally resolving disputes among or between [the parties to the MIPA]." Section 11.7(b) further provides that any state or federal court in New York County, New York shall have jurisdiction to compel arbitration or enter orders in aid of arbitration, and that the parties irrevocably submit to the personal jurisdiction of those courts to confirm any award rendered by the arbitrators under the ICDR Rules relating to the MIPA, its execution, interpretation, and default thereunder or the transactions contemplated thereby.  Finally, under Section 11.7(b) the parties also agreed that they would not bring suit with respect to disputes arising under the MIPA "in any court or jurisdiction other than the above specified courts other than to enforce the award of the ICDR arbitrators."

21. Thus, upon GQA's and Flower Payment's default, Palmco initiated the Arbitration in accordance with the terms of the MIPA.

22. Palmco submitted a Notice of Arbitration to the American Arbitration Association on August 12, 2021, seeking to commence an arbitration proceeding against GQA and Flower Payment pursuant to the International Arbitration Rules of the ICDR in force as of March 1, 2021. Palmco alleged that Flower Payment properly executed the MIPA, had guaranteed the return of the Collateral to Palmco, and wrongfully retained the Collateral in violation of Section 2.2(c) of the MIPA.

23. On October 26, 2021, the ICDR invited three arbitrators to serve on the arbitral tribunal, all of whom were subsequently confirmed. The three members are Haguit Muriel Elul (Chair), Laurie Foster, and Harold Aspis (the "Tribunal").

24. GQA did not appear in the Arbitration at any time. Palmese Decl., Ex. B, ¶ 2.

25. Flower Payment submitted its Answer to the Request for Arbitration on January 14, 2022. *Id.*, ¶ 6. It alleged that it had never executed the MIPA, that the signature appearing on the MIPA on behalf of Flower Payment was forged, and that consequently, it was not subject to the jurisdiction of the Tribunal. *Id.*, ¶¶ 6, 40.

26. Prior to the arbitration hearing, Palmco submitted four witness statements, 41 exhibits and a Prehearing Memorandum dated May 9, 2022. Flower Payment, in turn, submitted one witness statement and three exhibits. *Id.*, ¶ 16.

27. The arbitration hearing was held on May 16 and 17, 2022, in English with translation to and from Japanese. It was transcribed by a court reporter. *Id.*, ¶ 17.

28. Each of Palmco's witnesses appeared for cross-examination, but Flower Payment's witness did not. *Id.*, ¶ 18.

29. On September 22, 2022, the Tribunal issued a unanimous Partial Final Award. *See id.*

30. In the Partial Final Award, the Tribunal found that it had jurisdiction to determine its own jurisdiction pursuant to: (i) Section 11.22 of the MIPA, which provides that "the parties agree that any controversy or claim arising out of or relating to this Agreement or its formation, interpretation or breach, shall be resolved by arbitration administered and held in accordance with the … ICDR Rules;" and (ii) Art. 21 of the ICDR Rules, which provides that the "arbitral tribunal shall have the power to rule on its own jurisdiction…" *Id.*, ¶¶ 42–43.

31. In exercising that power, the Tribunal concluded that Flower Payment had validly executed the MIPA, that there was no evidence that the signature of Flower Payment's signatory had been forged, that both of the individuals who may have signed the MIPA on behalf of Flower Payment (the CEO or a Director) had authority to bind it and that, as a result, Flower Payment was a party to the MIPA and the arbitration agreement in it was enforceable against Flower Payment. *Id.*, ¶¶ 44–53.

32. The Tribunal then addressed whether Flower Payment had breached the MIPA. It held that such a breach was "readily confirmed." *Id.*, ¶ 54. The Tribunal identified two distinct breaches.

33. First, the Tribunal pointed out that Section 2.2(c) of the MIPA required GQA to return the Collateral to Palmco on April 30, 2021 and required Flower Payment to ensure that GQA had sufficient funds to make that payment. *Id.*, ¶ 55; *see also* Palmese Decl., Ex. A, § 2.2(c). The Tribunal held that Flower Payment breached that provision "by failing to assure that GQA had adequate funds to pay Palmco the Collateral." Palmese Decl., Ex. B, ¶ 55.

34. Second, as the Tribunal noted, Section 6.7 of the MIPA provides that Flower Payment "irrevocably, absolutely, fully and unconditionally guarantee[s] to the Sellers, [and] Palmco… the prompt and complete performance and payment when due of all obligations, including payment obligations of the Buyer [GQA] and of the Acquired Company hereunder." *Id.*, ¶ 56; *see also* Palmese Decl., Ex. A, § 6.7. The Tribunal concluded that Flower Payment "breached this Guarantee by failing to meet GQA's obligations when that entity defaulted." Palmese Decl., Ex. B, ¶ 57.

35. Thus, in the unanimous Partial Final Award, the Tribunal held that GQA and Flower Payment "are jointly and severally liable to Claimant, Palmco Administration, LLC." *Id.*, ¶ 58. The Tribunal awarded Palmco $1,646,690.02 (*i.e.*, the amount of the Collateral), together with interest at 12% per year from November 8, 2019 to the date of the Final Award, plus Palmco's costs and disbursements, the costs of the arbitration, the ICDR fees and the arbitrators' fees, Palmco's reasonable attorneys' fees and costs, and its reasonable costs of collection and enforcement.[3] *Id.*

36. In the Partial Final Award, the Tribunal invited Palmco to submit evidence of the amount of interest it sought, and documented costs, disbursements, and fees. *Id.*, ¶ 59. The Tribunal gave Flower Payment an opportunity to respond to such submission. *Id.*, ¶ 60.

37. On October 12, 2022, Palmco submitted a declaration and exhibits in support of its application for fees, costs, and expenses. Palmese Decl., Ex. C, ¶ 3. Flower Payment failed to respond or otherwise oppose Palmco's application. *Id.*

---

[3] As the Tribunal explained, under Section 2.2(c) of the MIPA, if the Collateral is not paid to Palmco on April 30, 2021, "interest at the rate of 12% per annum from the Execution Date shall be due and payable to Palmco together will all costs of suit, arbitrators' fees, ICDR fees, costs of collection, costs of enforcement and attorneys' fees." The "Execution Date" is defined as November 8, 2019. *See* Palmese Decl., Ex. A, first paragraph.

38. The Tribunal rendered its Final Award on December 9, 2022. *See id.*

39. In the Final Award, the Tribunal stated that it had reviewed Palmco's application and found it to be "reasonable and well-taken." *Id.*, ¶ 4. Thus, the Tribunal awarded "fees, costs and expenses in the total amount sought." *Id.*

40. The Final Award provides:

> The Tribunal finds that Respondents, Flower Payment, Inc. and GQA Holdings LLC, are jointly and severally liable to Claimant, Palmco Administration, LLC, and awards Claimant the amount of:
>
> a. US$1,646,690.02, as previously awarded through the Partial Final Award, which is incorporated by reference into this Final Award as if fully restated herein, plus
>
> b. US$604,180.08 in interest, plus
>
> c. a further daily interest amount of US$541.38 to accrue from December 10, 2022 to the date of payment in full of this Final Award, plus
>
> d. US$350,275.11 for Palmco Administration, LLC's attorneys' fees and disbursements, plus
>
> e. The administrative fees and expenses of the ICDR, the international division of the American Arbitration Association, totaling US$20,872.50 and the compensation and expenses of the arbitrators totaling US$94,227.50 shall be borne jointly and severally by Flower Payment, Inc. and GQA Holdings LLC. Therefore, Flower Payment, Inc. and GQA Holdings LLC jointly and severally has to pay Palmco Administration, LLC, an amount of US$110,662.50, plus
>
> f. Claimant's reasonable costs of collection and enforcement of this Final Award.

*Id.*, ¶ 6.

41. Therefore, the total amount due under the Final Award is **$2,711,807.71**,[4] plus post-

---

[4] 
| | |
|---|---|
| Damages (Collateral): | US$1,646,690.02 |
| Pre-award interest: | US$604,180.08 |
| Attorneys' fees: | US$350,275.11 |
| ICDR/arbitrators' fees and expenses: | US$110,662.50 |
| TOTAL: | US$2,711,807.71 |

award interest in the amount of US$541.38 per day from December 10, 2022 to the date of payment in full of the Final Award, plus Palmco's reasonable costs of collection and enforcement of the Final Award.

42. All amounts due under the Final Award remain unpaid and outstanding.

## **THE FINAL AWARD MUST BE CONFIRMED.**

43. As the Second Circuit observed, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

44. "The review of arbitration awards is very limited … [and] the showing required to avoid summary confirmance is high." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (quotations omitted); *see also Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144 (2d Cir. 2021) ("petitioners 'must clear a high hurdle' to successfully contend that the decision of an arbitral tribunal must be vacated") (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

45. In fact, "[a]n arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny." *In re Marine Pollution Serv., Inc.*, 857 F.2d 91, 94 (2d Cir. 1988) (internal quotations omitted).

46. Flower Payment has the burden to prove any basis to refuse confirmation of the Final Award. See *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998) ("The party opposing enforcement [of an arbitration award] has the burden of proving the existence of one of these enumerated defenses."). None exists here, either under the Convention or the FAA.

47.     In any event, any challenge to the confirmation of the Final Award—which was rendered in December 2022—is now time-barred.  *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")

48.     Thus, pursuant to Article III of the New York Convention, which governs the Final Award, and the FAA, which implements the Convention, the Final Award must be confirmed.  *See* N.Y. Conv. Art. III ("Each Contracting State *shall* recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon…") (emphasis added); 9 U.S.C. § 207 ("The court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.") (emphasis added).

WHEREFORE, Palmco respectfully requests that this Court enter an order and judgment:

(i)     Confirming the Final Award;

(ii)    Entering judgment in favor of Palmco in the amount of $2,711,807.71, plus interest in the amount of US$541.38 per day from December 10, 2022 to the date of payment in full of the Final Award, plus Palmco's reasonable costs of collection and enforcement of the Final Award (including Palmco's reasonable attorneys' fees, costs and expenses in connection with this Petition).

(iii)   Awarding Palmco such other and further relief as the Court deems just and proper.

11

Dated: New York, New York
August 21, 2023

Respectfully Submitted,

HUNTON ANDREWS KURTH LLP

By: */s/ Torsten M. Kracht*
Torsten M. Kracht
Silvia N. Ostrower
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
212-309-1000
tkracht@HuntonAK.com
sostrower@HuntonAK.com

*Attorneys for Petitioner
Palmco Administration, LLC*