# HUNTON
## ANDREWS KURTH

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

TORSTEN M. KRACHT
DIRECT DIAL: 202 • 419 • 2149
EMAIL: tkracht@HuntonAK.com

April 11, 2024

**Via ECF**

Honorable Paul A. Crotty
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:     *Palmco Administration, LLC v. Flower Payment, Inc.*, Case No. 1:23-cv-07409-PAC

Dear Judge Crotty:

We represent Petitioner Palmco Administration, LLC ("Palmco") in the above litigation, and write in response to Respondent Flower Payment, Inc.'s ("Flower Payment") letter requesting a pre-motion conference regarding its anticipated motion to dismiss Palmco's Petition to Confirm Non-domestic Arbitral Award pursuant to F.R.C.P. 12(b)(1)-(2).  (ECF 14.)

Flower Payment does not rely on any of the seven exclusive grounds provided in the New York Convention for refusing to enforce an arbitration award. *See Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998) ("The party opposing enforcement has the burden of proving the existence of one of [the grounds for refusing to enforce an award provided in Article V of the New York Convention]."). Rather, Flower Payment argues that the person who executed the Membership Interest Purchase Agreement ("MIPA") on its behalf (Mr. Matsumoto) did not have the authority to do so. (ECF 14  at 2–3.) However, the arbitration tribunal ("Tribunal") has already decided that the evidence demonstrates "Flower Payment executed the



Hon. Paul A. Crotty
April 11, 2024
Page 2

[MIPA]," and that "Mr. Matsumoto had apparent authority to bind Flower Payment." (ECF 5-2 ¶¶ 45, 47). Flower Payment cannot relitigate that issue here.[1] Flower Payment does not and cannot otherwise contest that the MIPA designates New York law and subjects Flower Payment to this Court's jurisdiction. Thus, Flower Payment's anticipated motion to dismiss should fail.

      **The Tribunal had authority to determine the formation and validity of the MIPA.** The parties agreed that the arbitrators shall resolve "any" controversy or claim arising out of the MIPA "or its formation." (ECF 5-1 § 11.22; ECF 5-2 ¶ 43.) "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019). In addition, the Supreme Court has held that under the Federal Arbitration Act, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006).[2] As a result, the Tribunal had the authority to address and then reject Flower Payment's argument that the MIPA was not validly formed.

      **Flower Payment may not relitigate the validity of the MIPA here.** The Tribunal noted that Flower Payment alleged in the arbitration that its signature on the MIPA was forged and

---

[1] *See Europcar Italia, S.p.A.*, 156 F.3d at 315 (finding that if party opposing enforcement of arbitral award raised defense of invalid contract to arbitrators, "it cannot relitigate the matter [in response to a petition to confirm the award]") (collecting cases); *Tianjin Port Free Trade Zone Int'l Trade Serv. Co., Ltd. v. Tiancheng Chempharm, Inc. USA*, No. 17-CV-4130 (JS) (AYS), 2018 WL 2436990, at *5 (E.D.N.Y. May 30, 2018), *aff'd* 771 F. App'x 36 (2d Cir. 2019) (denying motion to dismiss petition to confirm arbitral award in part because Respondent sought to relitigate issue of validity of underlying contract containing arbitration clause).

[2] Further, "the issue of whether the underlying contract that is the subject of the arbitrated dispute was forged … [is] a matter to be determined *exclusively by the arbitrators*." *Europcar Italia, S.p.A.*, 156 F.3d at 315 (emphasis added).

**HUNTON**
ANDREWS KURTH

Hon. Paul A. Crotty
April 11, 2024
Page 3

therefore, it was not subject to the Tribunal's jurisdiction. (Pet. ¶ 25; ECF 5-2 ¶¶ 6, 40.) The parties

then engaged in extensive discovery, submitting, between the two parties, five witness statements

and 44 exhibits. (Pet. ¶ 26.) The Tribunal concluded that there was no evidence of forgery and that

both of the individuals that may have signed on behalf of Flower Payment had authority to do so.

(*Id.* ¶ 31 (citing ECF 5-2 ¶¶ 44–53).) Flower Payment now argues that it did not give the signatory,

Mr. Matsumoto, authority to sign or ratify the MIPA. To the extent that Flower Payment did not

raise that defense in the arbitration, that defense is forfeited in this enforcement proceeding.

*Europcar Italia, S.p.A.*, 156 F.3d at 315.[3]

  **The MIPA designates New York law.** Section 11.7(a) of the MIPA provides that the

agreement "will be governed by, construed, and enforced in accordance with the Laws of the State

of New York, without regard to choice of law principles that would require the application of the

Laws of any other jurisdiction." (ECF 5-1 § 11.7(a).) This Court need not engage in a choice of

law analysis because the MIPA is enforceable against Flower Payment.

  **The MIPA subjects Flower Payment to this Court's jurisdiction.** Section 11.7(b) of the

MIPA states that Palmco and Flower Payment submit to the jurisdiction of state or federal New

York courts to confirm arbitral awards. (ECF 5-1 § 11.7(b).) Accordingly, Flower Payment is

subject to this Court's jurisdiction.

          Respectfully Submitted,

---

[3] Flower Payment fails to cite any Second Circuit authority supporting the position that the Court must review the validity of the MIPA in this case. All the cases from courts in the Second Circuit that it cites involve motions to *compel* arbitration, not motions or petitions to *confirm* arbitral awards.



Hon. Paul A. Crotty
April 11, 2024
Page 4

**PALMCO ADMINISTRATION, LLC**

By:  */s/ Torsten M. Kracht*
     Torsten M. Kracht
     Silvia N. Ostrower
     HUNTON ANDREWS KURTH LLP
     200 Park Avenue, 52nd Floor
     New York, New York 10166-0005
     (212) 309-1000
     tkracht@HuntonAK.com
     sostrower@HuntonAK.com