

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

SILVIA OSTROWER
DIRECT DIAL: 212 • 309 • 1204
EMAIL: sostrower@HuntonAK.com

FILE NO: 122807.7

January 15, 2025

**Via ECF**

Honorable Victor Marrero
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 10007

Re:     *Palmco Administration, LLC v. Flower Payment, Inc.*, Case No. 1:23-cv-07409-VM

Dear Judge Marrero:

Petitioner Palmco Administration, LLC ("Palmco") and Respondent Flower Payment, Inc. ("Flower Payment") jointly submit this letter pursuant to the Court's direction. In an order entered in the above litigation on January 7, 2025 (ECF 30), the Court required the parties to submit a joint letter by January 15, 2025 addressing the following points:

1. Whether the Japan High Court has issued a decision in the appeal of the Tokyo District Court's enforcement of the award.
2. How the outcome in the pending Japan High Court appeal would bear on the motion to dismiss.

**A.   <u>Palmco's Position</u>**

Petitioner Palmco respectfully submits this position statement in response to the Court's Order, dated January 7, 2025.

**Question No. 1**: Whether the Japan High Court has issued a decision in the appeal of the Tokyo District Court's enforcement of the award.

**Response:** Yes. On October 1, 2024, the Tokyo High Court, 21st Civil Division, issued a decision dismissing Flower Payment's appeal from the Tokyo District Court's decision that enforced the arbitral award against Flower Payment (the "Award"), for which confirmation is being sought in this proceeding. A translation (unofficial) of the Tokyo High Court's decision dated October 1, 2024 is annexed to this letter as <u>Exhibit A</u>.

HUNTON
ANDREWS KURTH

Honorable Victor Marrero
January 15, 2025
Page 2

Flower Payment subsequently filed an application with the Tokyo High Court for leave to appeal its decision to the Supreme Court of Japan. On November 18, 2024, the Tokyo High Court denied Flower Payment's application. A translation (unofficial) of the Tokyo High Court's decision dated November 18, 2024 is annexed to this letter as Exhibit B. The application was denied because it did not meet the requirements set forth in Article 337 of Japan's Code of Civil Procedure. *See* Exhibit B. Pursuant to that provision, leave to appeal to the Supreme Court shall be granted if the original decision is inconsistent with precedents of the Supreme Court (or of other applicable final appellate courts, such as the Great Court of Cassation), or if the original decision "is otherwise found to involve matters of material import involving the interpretation of laws and regulations."[1]

Flower Payment also filed a separate and independent "special appeal" directly with the Supreme Court of Japan, which is currently pending. The special appeal is based solely on a procedural argument not advanced by Flower Payment before the Tokyo High Court. Flower Payment contends that pursuant to Article 32 of Japan's Constitution, which provides that "[n]o person shall be denied the right of access to the courts,"[2] the High Court should have held a witness hearing before dismissing Flower Payment's appeal. However, Palmco's Japanese counsel has advised us that Article 32 of Japan's Constitution applies to litigation matters only, not to proceedings brought to enforce arbitral awards and that, in any event, the right of access to the courts does not guarantee a witness hearing in every case, as the decision on whether to hold such a hearing is in the Tokyo High Court's discretion.

With the Tokyo High Court's decision denying Flower Payment's application to appeal to the Supreme Court, the decision enforcing the arbitral Award in Japan has become final and binding (despite the special appeal), and collection efforts are now underway.

**Question No. 2**: How the outcome in the pending Japan High Court appeal would bear on the motion to dismiss.

**Response:** The High Court's dismissal of Flower Payment's appeal further supports Palmco's Petition to confirm the Award. In its motion to dismiss Palmco's Petition, Flower Payment argued, incorrectly in Palmco's view, that the Award should not be enforced against it because Flower Payment did not agree to arbitrate in the first instance. Flower Payment asserted that this Court should conduct a choice of law analysis under New York law and conclude that

---

[1] *See* Japan's Code of Civil Procedure, Article 337, 2nd paragraph, available in English at https://www.japaneselawtranslation.go.jp/en/laws/view/2834/en

[2] *See* The Constitution of Japan, Article 32, available in English at https://www.japaneselawtranslation.go.jp/en/laws/view/174/en#je_ch3at23

HUNTON
ANDREWS KURTH

Honorable Victor Marrero
January 15, 2025
Page 3

"Japanese law applies to the issue of whether Flower Payment entered into the MIPA and the arbitration agreement therein." Mem. of Law ISO Flower Payment's Motion to Dismiss at 9 (May 10, 2024), ECF No. 22.

The basis for Flower Payment's argument was that the arbitral tribunal's findings that Mr. Sumitaka Matsumoto had authority to bind Flower Payment to the arbitration agreement and that Flower Payment subsequently "ratified" the MIPA containing the parties' arbitration agreement "fail under Japanese law." (*Id.* at 9.) Based on the submission of its counsel in Japan, Flower Payment asserted that "[t]he issue of appropriate application of Japanese law is pending before the Japan High Court." *Id.* (citing Ushijima Decl. at ¶¶ 2–5); *see* Flower Payment's Reply Mem. of Law IFSO its Motion to Dismiss at 9 (June 14, 2024), ECF 26 (stating that the question of whether as a matter of Japanese law Flower Payment entered into the MIPA, and thus is bound by the Award, "is now in front of the Japanese High Court" (citing Second Ushijima Decl. at ¶¶ 3–12)).

In dismissing Flower Payment's appeal, the decision of the Tokyo High Court makes clear that these arguments by Flower Payment have been expressly rejected, as a matter of Japanese law. *See* Exhibit A (Tokyo High Court's decision) at ¶ III.3(1).

In sum, New York law, which governs the MIPA, governs the question of whether Flower Payment agreed to arbitrate. Under New York law, and as found by the arbitral tribunal, Flower Payment agreed to arbitrate and is bound by the arbitral Award, which should be confirmed. Flower Payment's reliance on Japanese law is misplaced because, as the Tokyo High Court has now confirmed in its ruling dismissing Flower Payment's appeal, as a matter of Japanese law Flower Payment agreed to arbitrate and is, therefore, bound by the Award. Accordingly, there exists no "actual conflict" between New York law and Japanese law on the question of whether Flower Payment agreed to arbitrate and is bound by the Award. The answer is that Flower Payment agreed to arbitrate and is bound by the Award regardless of whether New York law applies, as Palmco contends, or Japanese law applies, as Flower Payment contends. As a result, the Court need not engage in a choice of law analysis and should confirm the arbitral Award. *See, e.g.*, *Int'l Bus. Mach. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143–44 (2d Cir. 2004) (court may dispense with choice of law analysis where no actual conflict exists between the law of the two jurisdictions at issue). Even if the Court were to conduct such an analysis and conclude that the law of Japan governs the question of whether Flower Payment agreed to arbitrate, the Tokyo High Court's decision provides that, as a matter of Japanese law, Flower Payment did agree to arbitrate and is bound by the Award, in which case the Award should be confirmed.

Palmco appreciates the Court's consideration of the foregoing.



Honorable Victor Marrero
January 15, 2025
Page 4

**B.  Flower Payment's Position**

    1) Whether the Japan High Court has Issued a Decision in the Appeal of the Tokyo District Court's Enforcement of the Award

The Japan High Court affirmed the Tokyo District Court's Enforceability Order on October 1, 2024. *See* Ushijima Decl. at ¶ 3 (the "Appeal Decision"). In so doing, the Japan High Court rejected Flower Payment's argument that it is not liable under the Membership Interest Purchase Agreement ("MIPA") and held that Mr. Sumitaka Matsumoto did have authority to bind Flower Payment. *Id*. at ¶¶ 3-4. The Japan High Court's decision was based on the facts contained within the underlying arbitral award, including that Mr. Shinnosuke Wakahama, Flower Payment's representative, received emails between Palmco and Mr. Matsumoto, did not raise any objections to Matsumoto's negotiations with Palmco prior to the conclusion of the contract, and because Flower Payment operated Family Energy G.K. for 18 months after the MIPA closed. *Id*. at ¶ 4. Importantly, the Japan High Court did not perform an independent review of the facts contained in the arbitral award, did not order an examination of Mr. Wakahama or Mr. Matsumoto, and did not specify whether it was applying New York or Japanese Law. *Id*. at ¶¶ 4-5.

Flower Payment filed an appeal with the Japan High Court on October 7, 2024, and that appeal is now in front of Japan's Supreme Court (the "Special Appeal"). *See* Ushijima Decl. at ¶ 6. The Special Appeal, and any remanded court proceedings if the Appeal Decision is reversed by Japan's Supreme Court, raises material issues that bear on Flower Payment's Motion to Dismiss (*see* ECF 22-1, ECF 26-1), such as whether under Japanese law (a) Mr. Matsumoto had authority to enter into the MIPA[3]; (b) whether Flower Payment's board of directors was required to pass a resolution to ratify the MIPA[4]; and (c) whether the MIPA is void or at least does not bind Flower Payment.[5] *See* Ushijima Decl. at ¶ 7.

The Special Appeal has not yet been decided by Japan's Supreme Court. *See id*. at ¶ 8. The average duration for an appeal to be decided by Japan's Supreme Court is 4.9 months. *See id*.

---

[3] *See* ECF 22 at 14 ("Under Japanese Law, Mr. Matsumoto did not have authority to execute the MIPA and Flower Payment did not later ratify the MIPA."); *see also* ECF 22-1 at ¶ 14.

[4] *See* ECF 22 at 12 "Flower Payment did not enter into the MIPA because its signatory did not have authority to execute the MIPA, and Flower Payment did not later ratify the MIPA. Accordingly, the MIPA does not bind Flower Payment and would be considered invalid under Japanese law.") (citing ECF 22-1 at ¶¶ 21-25; *see also* ECF 26 at 9 (same).

[5] *See* ECF 22 at 12.

# HUNTON
ANDREWS KURTH

Honorable Victor Marrero
January 15, 2025
Page 5

> 2) How the Outcome in the Pending Japan High Court Appeal Would Bear on the Motion to Dismiss.

The Japan High Court Appeal may be considered, but is not determinative of the pending motion to dismiss as (1) the Japan High Court's order was unclear as to whether it applied Japanese or New York law; (2) the parties have submitted declarations on Japanese law (*see* ECF 22-1, ECF 25, ECF 26-1) that the Court may use to decide the dispute; and (3) Flower Payment has filed an appeal of the Appeal Decision with Japan's Supreme Court.

Flower Payment submits that there is a conflict between New York and Japanese law as to the issue of whether the MIPA was ever formed (and therefore whether this Court has jurisdiction over Flower Payment). *See, e.g.*, ECF 22 at 8-12; *see generally* ECF 22-1; *see* ECF 26 at 9-10; *see generally* ECF 26-1. The Court has the ability to decide this issue based on the materials already submitted. *See* Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.").

While, "a decision by [a foreign] court as to the meaning of the relevant [foreign] laws may be preferable" over other materials to decide a dispute of foreign law under Fed. R. Civ. P. 44.1 (*Bugliotti v. Republic of Argentina*, 952 F.3d 410, 414 (2d Cir. 2020)), it would not make sense for the Appeal Decision to be instructive as it did not state whether it applied Japanese or New York law. *See* Ushijima Decl. at ¶ 5. This is especially so as the Japan Court seems to have adopted its facts and reasoning from the arbitral award—which would mean that it applied New York law. *Compare* ECF 5-2 at ¶ 47-51; *with* Ushijima Decl. at ¶ 4; *see also* Exhibit A to the Ushjima Decl. at 3-4. Therefore, the Appeal Decision would have no bearing on the determination of whether there is a conflict between New York and Japanese law.

Indeed, even if the Appeal Decision had stated that it relied upon Japanese law, this Court would still at best take it under consideration and perform its own analysis under Fed. R. Civ. P. 44.1. *Animal Science Products, Inc. v. Hebei Welcome Pharmaceutical Co. Ltd.*, 585 U.S. 33 (2018) is instructive. In *Animal Science* Chinese defendants moved to dismiss a complaint based on Chinese law and the Ministry of Commerce of the People's Republic of China (Ministry) filed an *amicus* brief[6] in support of the defendants and their interpretation of Chinese law. *Id.* at *33. The plaintiffs argued that the Ministry's *amicus* brief was not determinative in part because the "Ministry had identified no law or regulation" in support of their argument and plaintiffs submitted their own evidence and expert testimony. *Id.* The District Court sided with plaintiffs and concluded that "it did not regard the Ministry's statements as 'conclusive,' particularly in

---

[6] While no *amicus* brief has been filed in the instant matter, this is an analogous circumstance under Fed. R. Civ. P. 44.1.

HUNTON
ANDREWS KURTH

Honorable Victor Marrero
January 15, 2025
Page 6

light of the [plaintiff's] evidence." *Id*. The Ministry again made submissions during the litigation, including on summary judgment, and the District Court again denied defendant's motion. The Second Circuit reversed and held that "court's are 'bound to defer' to the foreign government's construction of its own law, whenever that construction is 'reasonable.'" *Id*.

On appeal, the Supreme Court reversed the Second Circuit and made clear that "[a] federal court determining foreign law under Federal Rule of Civil Procedure 44.1 should accord respectful consideration to a foreign government's submission, but the court is not bound to accord conclusive effect to the foreign government's statements." *Id*. at *34. Instead, "[a]s '[t]he court's determination must be treated as a ruling on a question of law,' Fed. Rule Civ. Proc. 44.1, the court 'may engage in its own research and consider any relevant material thus found." *Id*. at *36 (citing Advisory Committee's 1966 Note on Fed. Rule Civ. Proc. 44.1, 28 U.S.C. App., p. 892). Indeed, finding a foreign state's views as binding as to that foreign state's laws is "inconsistent with Rule 44.1." *Id*. at *43. Instead, the "appropriate weight [of a foreign state's views about the meaning of its own laws] will depend upon the circumstances." *Id*. at *42-43.

Both Flower Payment and Palmco have submitted declarations on Japanese law which can be used by the Court to decide whether there is a conflict of law. *Kashef v. BNP Paribas SA*, 442 F. Supp. 3d 809, 824 (S.D.N.Y. 2020) (when deciding foreign law federal courts may "look to the parties' filings, witness testimony, and any foreign materials discovered through their own research."). It is Flower Payment's position that these declarations should be used, rather than the ambiguous Appeal Decision currently pending review before Japan's Supreme Court.

Respectfully Submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Silvia N. Ostrower*
Torsten M. Kracht
Silvia N. Ostrower
200 Park Avenue, 52nd Floor
New York, NY 10166
(212) 309-1000 Telephone
TKracht@HuntonAK.com
SOstrower@HuntonAk.com

*Attorneys for Petitioner*
*Palmco Administration, LLC*

KING & WOOD MALLESONS LLP

*/s/ Vincent Filardo, Jr.*
Vincent Filardo, Jr.
M.M. Utterback (*pro hac vice*)
Andrew Sklar
500 Fifth Avenue, 50th Floor
New York, NY 10110
Telephone: (212) 319-4755
vincent.filardo@us.kwm.com
meg.utterback@us.kwm.com
andrew.sklar@us.kwm.com

*Attorneys for Respondent*
*Flower Payment, Inc.*

EXHIBIT A

[*This English translation is for reference purposes only*]

Reiwa Year 6 (La) No. 149   Case of Appeal against Decision for Permission of Execution
(Original case: Reiwa Year 5 (Chu) No. 2)

## Decision

3-3-1 Marunouchi, Chiyoda-ku, Tokyo

|  |  |
|---|---|
| Appellant: | Flower Payment Inc. |
| Representative director: | WAKAHAMA Shinnosuke |
| Counsel: | USHIJIMA Ryunosuke |
|  | KISHI Chisaki |
|  | GO Leon |

8751 18th Avenue, Brooklyn, State of New York, United States of America

|  |  |
|---|---|
| Appellee: | Palmco Administration LLC |
| Representative: | Robert PALMESE |
| Counsel: | MIYAKE Atsushi |

## Main Text

1    The appeal is dismissed.

2    The costs of the appeal shall be borne by the appellant.

## Reasons

I    Object and reasons for the appeal

The object and reasons for this appeal are as set out in the attached "Petition for Immediate Appeal."

II    Summary of the Case (abbreviations follow those in the original decision)

1    This case concerns an arbitration case filed by the appellee against the appellant and GQA Holdings LLC at the International Centre for Dispute Resolution of the

American Arbitration Association regarding a dispute over the transfer of an energy business. The appellee has sought an enforcement decision based on the arbitral award handed down by the arbitral tribunal on 9 December 2022, pursuant to Article 46, Paragraph 1 of the Arbitration Act.

The original court found that the arbitral award did not fall under Article 45, Paragraph 2, Item 9 of the Arbitration Act, and granted an enforcement decision based on the arbitral award pursuant to Article 46, Paragraph 1 of the Arbitration Act. The appellant then appealed.

In this trial, the appellant argued that the procedure for enforcement based on the arbitral award is governed by the Japan-U.S. Treaty of Friendship, Commerce and Navigation, but that the requirements of Article 4, Paragraph 2 of the said Treaty are not met in this case. In response, the appellee preliminarily added a claim based on Article 3 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter referred to as the "New York Convention") in this trial.

2    The premise facts are as set out in II-2 "Reasons" of the Original Decision (from the beginning of line 10 on page 2 to the end of line 2 on page 4 of the Original Decision, including the Attachment), except for adding the following line next to the end of line 2 on page 4 of the Original Decision, and therefore are hereby quoted.

" (6) Japan and the United States signed the Treaty of Friendship, Commerce and Navigation on 2 April 1953. Japan subsequently joined the New York Convention on 20 June 1961, and the United States on 30 September 1970.

(7) In the proceedings for enforcement, a copy of the arbitral award certified by the Assistant Vice President of the International Centre for Dispute Resolution, the international division of the American Arbitration Association and translation thereof, have been submitted."

III    Judgment of this Court

1    As stated in II-2 of the original decision cited with amendment, the appellee, a limited company incorporated in accordance with the laws of the State of New York, United States of America, is seeking an enforcement decision in Japan based on the arbitral award against the appellant, a Japanese corporation, as the respondent. The arbitral award was made in the United States of America, and Japan and the United

States of America have concluded the Treaty of Friendship, Commerce and Navigation, and both are parties to the New York Convention. Therefore, the issue at stake is whether the enforcement procedure based on the arbitral award should be governed by the Japan-U.S. Treaty of Friendship, Commerce and Navigation, the New York Convention, or Japanese Arbitration Act.

Article 7, Paragraph 1 of the New York Convention provides that "The provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon." The New York Convention is understood to be intended to facilitate the recognition and enforcement of foreign arbitral awards, and therefore it should be understood as allowing the party seeking recognition and enforcement of a foreign arbitral award to choose the law or treaty of the country in which the award is to be invoked that is less restrictive. In that case, when an arbitral award made in the United States of America is to be enforced in Japan, the treaty or arbitration law chosen by the person seeking recognition and enforcement of the award as being the least restrictive should be applied from among the Japan-U.S. Treaty of Friendship, Commerce and Navigation, the New York Convention, and the Japanese Arbitration Act.

Therefore, the enforcement proceedings based on the arbitral award are governed by Japanese Arbitration Act, as asserted by the appellee.

2    As stated in 1 above , the procedure for the enforcement of the arbitral award is subject to the Japanese Arbitration Act, and as stated in II-2(7) of the original decision, which is quoted with amendment, the documents required by Article 46, Paragraph 2 of the Arbitration Act have been submitted, and this court also holds that the appellee may seek an enforcement decision for the arbitral award under Article 46, Paragraph 1 of the Arbitration Act. The reasons for this are as stated in III-1 of the "Reasons" of the original decision (from the beginning of line 20 on page 5 to the end of line 24 on page 7 of the original decision), and so we hereby quote from this.

3(1)   In response, the appellant argues that Matsumoto Sumitaka (hereinafter referred to as "Matsumoto"), who represented the appellant in entering into the arbitration

agreement relating to the arbitration case (hereinafter referred to as "the Arbitration Agreement"), is merely a director of the appellant and has no authority to represent the appellant.

However, according to the records and the overall gist of the hearings, Matsumoto, as the appellant's person in charge, was negotiating with the appellee towards the conclusion of the Agreement, including the Arbitration Agreement, and the appellant's representative received emails regarding the negotiations between Matsumoto and the appellee's representative, but did not raise any objections to Matsumoto's negotiations. It is also recognized that the appellant operated the business it acquired from the appellee under the Agreement for 18 months. In light of these facts, it is recognized that Matsumoto was granted the authority to act on behalf of the appellant to conclude the Arbitration Agreement. Therefore, the appellant's argument above cannot be accepted.

(2)    The appellant also argues that the appellee has filed an application for confirmation of the arbitral award in the United States pursuant to Section 207 of the Federal Arbitration Act, and that the procedure is not binding. However, since the Arbitration Agreement stipulates that the arbitral award shall not be subject to appeal or review (Section 11.22 of the Agreement), it cannot be said that the arbitral award is not binding, and the above facts asserted by the appellant cannot be recognized as an obstacle to making an enforcement decision under the Arbitration Act.

4.    The appellant's other arguments cannot be accepted in light of the above findings and judgments.

5.    Therefore, the appeal should be dismissed and the judgment is as set out in the main text.

1 October 2024

Tokyo High Court, 21st Civil Division

| | | |
|---|---|---|
| Chief Judge | NAGAYA Norio [seal] | |
| Judge | SANO Makoto [seal] | |
| Judge | FUKUWATARI Hiroki [seal] | |

**Petition for Immediate Appeal**

[omitted]

EXHIBIT B

[*This English translation is for reference purposes only*]

Reiwa Year 6 (La Kyo) No. 436

(Original case: Reiwa Year 6 (La) No. 149)

## Decision

3-3-1 Marunouchi, Chiyoda-ku, Tokyo

|  |  |
|---|---|
| Appellant: | Flower Payment Inc. |
| Representative director: | WAKAHAMA Shinnosuke |
| Counsel: | USHIJIMA Ryunosuke |
|  | GO Leon |

8751 18th Avenue, Brooklyn, State of New York, United States of America

|  |  |
|---|---|
| Appellee: | Palmco Administration LLC |
| Representative: | Robert PALMESE |
| Counsel: | MIYAKE Atsushi |

## Main Text

1    The appeal is disallowed.

2    The costs of the appeal shall be borne by the appellant.

## Reasons

According to the reasons in the petition, it cannot be found that the original decision contains the matters specified in Article 337, Paragraph 2 of the Code of Civil Procedure.

Therefore, the decision is as set out in the main text.

18 November 2024

Tokyo High Court, 21st Civil Division

|  |  |
|---|---|
| Chief Judge | NAGAYA Norio [seal] |
| Judge | SANO Makoto [seal] |
| Judge | FUKUWATARI Hiroki [seal] |

THIS IS AN ORIGINAL COPY.

18 November 2024

Tokyo High Court, 21st Civil Division

Court Clerk    ISHIMURA Chio [seal]

THIRD DECLARATION OF RYUNOSUKE USHIJIMA, ESQ.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALMCO ADMINISTRATION, LLC,<br><br>     Petitioner,<br><br>v.<br><br>FLOWER PAYMENT, INC. (F/K/A FLOWER POWER, INC. AND FLOWER POWER CO. LTD. JAPAN A/K/A FLOWER DENRYOKY KABUSHIKI KAISHA),<br><br>     Respondent. | Civil Action No. 1:23-cv-07409-PAC |

**THIRD DECLARATION OF RYUNOSUKE USHIJIMA, ESQ.**

I, Ryunosuke Ushijima, the undersigned, hereby declare and state under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

     1.     I am a Partner at King & Wood Mallesons' Tokyo Office (officially known as King & Wood Mallesons Law Offices (Foreign Law Joint Enterprise)) ("**KWM Tokyo**") and an attorney admitted to practice law in Japan and the State of New York. KWM Tokyo is counsel to Respondent, Flower Payment, Inc. ("**Flower Payment**") in Japan. My statements set forth herein are based on my personal knowledge.

     2.     This declaration includes an update of the status of the action in front of the Tokyo High Court, which was previously discussed in my declarations submitted in connection with Flower Payment's Motion to Dismiss. *See* ECF No. 22-1; *see also* ECF 26-1.

3.      The Tokyo High Court affirmed the Tokyo District Court's Enforceability Decision on October 1, 2024 ("**Appeal Decision**"). The October 1, 2024 decision is attached hereto as **Exhibit A**.[1]

4.      The Appeal Decision held in relevant part that Mr. Sumitaka Matsumoto did have authority to bind Flower Payment under the Membership Interest Purchase Agreement ("**MIPA**") because Mr. Shinnosuke Wakahama received emails between Palmco Administration, LLC ("**Palmco**") and Mr. Matsumoto, did not raise any objections to Matsumoto's negotiations with Palmco prior to the conclusion of the contract, and because Flower Payment operated Family Energy G.K. for 18 months after the MIPA closed. *See* Exhibit A at 3-4. In so holding, the Tokyo Hight Court solely looked to facts contained within the arbitral award, did not conduct an independent review, and did not conduct examinations of Mr. Matsumoto or Mr. Wakahama (Flower Payment's representative) as witnesses, despite Flower Payment's offering them to be examined. *See generally id*.

5.      The Appeal Decision does not specify whether it relies upon Japanese or New York law. *See generally id*.

6.      Flower Payment filed with the Tokyo High Court a special appeal to the Supreme Court against the Appeal Decision on October 7, 2024 (the "**Special Appeal**"). Flower Payment then filed with the Tokyo High Court its reasons for the Special Appeal on November 1, 2024. Flower Payment received from the Supreme Court a notice of

---

[1] The Appeal Decision was published with Flower Payment's petition attached to it and is being provided to the Court in the same format. The translation is a non-certified translation due to time constraints. A certified translation will be provided upon request.

receipt of the record from the Tokyo High Court dated December 27, 2024 on January 6, 2025. The Supreme Court has now taken the Special Appeal under consideration.

7.     Based on my understanding of the instant matter, many of the issues raised in the Special Appeal and any remanded court proceedings if the Appeal Decision is reversed by the Supreme Court, overlap with issues raised in Flower Payment's Motion to Dismiss. These issues include whether under Japanese law (a) Mr. Matsumoto had authority to enter into the MIPA; (b) whether Flower Payment's board of directors was required to pass a resolution to enter into the MIPA; and (c) whether the MIPA does not bind Flower Payment or is void.

8.     The Special Appeal has not yet been decided. Pursuant to statistics published by the Supreme Court, the average duration for a final appeal in front of the Supreme Court is 4.9 months. This 4.9 month period did not include any matters which had oral argument. The duration for a final appeal may be longer to the extent that oral argument is conducted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 14, 2025

By:    /s/ _____
        Ryunosuke Ushijima

# Exhibit A

2024 (Ra) No. 149 Execution Permission Decision Appeal Case
(Original Trial: Tokyo District Court 2023 (Chu) No. 2)

Decision

Marunouchi 3-3-1, Chiyoda-ku, Tokyo

Appellant
Flower Payment, Inc.
Representative Director
Shinsuke Wakahama
Counsel for Appellant, Ryunosuke Ushijima, Chisaki Kishi and Leon Go

18th Avenue, Brooklyn, New York, USA

Respondent
Palmco Administration LLC
Representative
Robert Palmese
Counsel for Respondent, Jun Miyake

Main Text

1. The appeal is dismissed.
2. The cost of the appeal shall be borne by the appellant.

Reason

I. Purpose and Reason for the Appeal
The purpose and reason for this appeal are as stated in the attached "Immediate Appeal Petition."

II. Case Overview (Abbreviations follow the original decision)
1. This case involves a dispute regarding the transfer of an energy business, filed by the respondent against the appellant and GQA Holdings LLC at the American Arbitration Association's International Centre for Dispute Resolution. The arbitral tribunal

1

delivered its arbitral award on December 9, 2022. The respondent sought an enforcement decision based on this arbitral award under Article 46, Paragraph 1 of the Arbitration Act. The original trial recognized the enforcement decision based on the arbitral award, stating that there were no grounds under Article 45, Paragraph 2, Item 9 of the Arbitration Act. The appellant appealed this decision.

In the current trial, the appellant argued that the enforcement procedure based on the arbitral award should apply the Treaty of Amity, Commerce, and Navigation between Japan and the United States, but did not meet the requirements of Article 4, Paragraph 2 of the same treaty. The respondent, in the current trial, added a claim based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter referred to as the "New York Convention").

2. The underlying facts are as stated in the "Reason" Part 2, Section 2 of the original decision (from the beginning of line 10 on page 2 to the end of line 2 on page 4, including attachments), except for the addition of the following line after the end of line 2 on page 4 of the original decision:

"(6) Japan and the United States signed the Treaty of Amity, Commerce, and Navigation on April 2, 1953, and subsequently, Japan acceded to the New York Convention on June 20, 1961, and the United States on September 30, 1970.
(7) In the procedure for the enforcement decision in this case, a copy of the arbitral award certified by the Assistant Vice President of the International Division of the American Arbitration Association's International Centre for Dispute Resolution, along with its translation, has been submitted."

III. Court's Judgment
1. As stated in Part 2, Section 2 of the original decision, which is corrected and quoted, the respondent, a limited liability company established under the laws of New York State, USA, seeks an enforcement decision in Japan based on the arbitral award. The arbitral award was made in the United States, and since both Japan and the United States have concluded the Treaty of Amity, Commerce, and Navigation and acceded to the New York Convention, the issue is which of the Treaty of Amity, Commerce, and Navigation, the New York Convention, or Japan's Arbitration Act is applicable.

Article 7, Paragraph 1 of the New York Convention states, "The provisions of this Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States, nor deprive any party of any right to avail itself of an arbitral award in the manner and to the extent allowed by the law or treaties of the country where such award is sought to be relied upon." The New York Convention is understood to aim at facilitating the recognition and enforcement of foreign arbitral awards, thus allowing the party seeking recognition and enforcement of the foreign arbitral award to choose the law or treaty of the country where the award is sought to be relied upon, which is less restrictive.

Therefore, in the enforcement procedure based on this arbitral award, the Japanese Arbitration Act, which the respondent claims should be applied, should be applied.

2. As stated in Part 1, the enforcement procedure for the arbitral award in this case is governed by Japan's Arbitration Act, and as stated in Part 2, Section 2(7) of the original decision, the documents specified in Article 46, Paragraph 2 of the Arbitration Act have been submitted. The court also determines that the respondent can seek an enforcement decision based on the arbitration decision under Article 46, Paragraph 1 of the Arbitration Act. The reasons are as stated in Part 3, Section 1 of the original decision (from the beginning of line 20 on page 5 to the end of line 24 on page 7), which is quoted here.

3(1) In contrast, the appellant claims that Sumitaka Matsumoto (hereinafter referred to as "Matsumoto"), who represented the appellant in concluding the arbitration agreement related to this arbitration case (hereinafter referred to as "this arbitration agreement"), was merely a director of the appellant and did not have the authority to represent the appellant.

However, according to the records and the entire import of the hearing, Matsumoto, as the person in charge of the appellant, negotiated with the respondent for the conclusion of the contract, including this arbitration agreement. The representative of the appellant received emails exchanged between Matsumoto and the respondent's representative regarding the negotiations but did not raise any objections to Matsumoto's negotiations. The appellant operated the business acquired from the respondent under this contract

3

for 18 months. From these facts, it is found that Matsumoto was granted the authority to conclude this arbitration agreement by the appellant, and thus the appellant's above claim cannot be adopted.

(2) Furthermore, the appellant claims that the respondent has applied for confirmation of the arbitral award under Section 207 of the Federal Arbitration Act in the United States, and that procedure is not finalized. However, the arbitration agreement stipulates that the arbitration decision is not subject to appeal or retrial (Article 11.22 of the contract), so it cannot be said that the arbitral award is not final and binding, and the facts claimed by the appellant do not constitute an obstacle to making an enforcement decision under the Arbitration Act.

4. Other points claimed by the appellant cannot be adopted in light of the above finding and judgment.

5. Therefore, this appeal should be dismissed, and the decision is made as stated in the main text.

October 1, 2024
Tokyo High Court, 21st Civil Division
Presiding Judge Norio Nagatani
Judge Shin Sano
Judge Hiroki Fukuwatari

Immediate Appeal Petition

December 28, 2023

To: Tokyo High Court
To: Tokyo District Court

Counsel for the Appellant
Ryunosuke Ushijima
Chisaki Kishi
Leon Go

Regarding the case between the parties listed in the attached party list, Tokyo District Court 2023 (Chu) No. 2 Enforcement Decision Application Case, we hereby file an immediate appeal as we are dissatisfied with the decision made by the same court on December 21, 2023.

I. Indication of the Original Decision
The decision made by the same court on December 21, 2023 (hereinafter referred to as "the original decision") is as follows:
1. The applicant filed a case with the American Arbitration Association's International Centre for Dispute Resolution against the respondent and GQA Holdings LLC (Case No. 01-21-0016-1420), and the arbitral tribunal of the same center rendered an arbitral award on December 9, 2022. Regarding the obligation of the respondent to pay the applicant, jointly and severely with GQA Holdings LLC, US$1,640,669.02, interest of US$60,418.08, attorney fees of US$350,275.11, arbitration costs of US$110,662.50, and USD$541.38 per day from December 10, 2022 until payment is completed, the applicant is permitted to enforce against the respondent.
2. The application fee shall be borne by the respondent.

2. Purpose of the Appeal
To seek a judicial decision to reverse the original decision.

3. Reasons for the Appeal
1. Summary

5

As stated below, the original decision must be reversed because it fails to consider that: (i) the requirements of Article 4, Paragraph 2 of the Treaty of Amity, Commerce, and Navigation between Japan and the United States (hereinafter referred to as the "Japan-U.S. Treaty of Amity, Commerce, and Navigation") are not met; (ii) the respondent has applied for confirmation of the arbitration award under Section 207 of the Federal Arbitration Act in the United States; and (iii) there are grounds for refusal of recognition and enforcement of the arbitration award under Article 5, Paragraph 1(a) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter referred to as the "New York Convention").

2. Failure to Meet the Requirements of Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation

Japan and the United States are contracting parties to the New York Convention, which came into effect in Japan on September 18, 1961, with a reservation limiting its application to arbitration awards made in contracting countries, and came into effect in the United States on December 29, 1970. Article 7, Paragraph 1 of the same treaty states, "The provisions of this Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States." The New York Convention, by this provision, denies the principle of lex posterior derogat legi priori, which is internationally recognized. The Japan-U.S. Treaty of Amity, Commerce, and Navigation, concluded between Japan and the United States, came into effect on October 30, 1953, before the New York Convention, and also remains effective. In this case, the relationship between the New York Convention and the Japan-U.S. Treaty of Amity, Commerce, and Navigation is one of general law and special law, and the principle of lex specialis derogat legi generali, which is recognized internationally regardless of the order of establishment of general and special laws, applies, thus Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation is applicable. The Osaka District Court decision on March 25, 2011 recognized the relationship between the New York Convention and the Japan-China Trade Agreement as one of general and special law (Exhibit No. 10). There is also a view that although a treaty with more lenient requirements than the New York Convention is preferentially applied, a treaty with stricter requirements is not applicable among the contracting parties to the New York Convention. The latter part of Article 7, Paragraph 1 of the same treaty states, "Nothing in this Convention shall deprive any party of any right it may have to avail itself of an

arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is relied upon," but there is no textual basis leading to the conclusion that a treaty with stricter requirements is not applicable among the contracting parties to the New York Convention. The Nagoya District Court Ichinomiya Branch judgment on February 26, 1987 (Exhibit No. 11) applied Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation without any mention of the application of the New York Convention. As a result, for an arbitration award made in one country to be declared enforceable by the courts of the other country, the following four requirements must be met:

(i) The arbitration award must be duly made in accordance with a contract stipulating the resolution of disputes by arbitration.

(ii) The arbitration award must be final under the law of the place where it was made.

(iii) The arbitration award must be enforceable under the law of the place where it was made.

(iv) The court of the country where enforcement is sought must not find it contrary to public policy.

In the United States, there is the Federal Arbitration Act and State Arbitration Act, but under the Supremacy Clause of Article VI, Section 2 of the United States Constitution, the Federal Arbitration Act takes precedence in case of conflict with the State Arbitration Act. However, this applies only to substantive provisions of the Federal Arbitration Act, and procedural provisions of the Federal Arbitration Act apply only in federal courts, while procedural provisions of the State Arbitration Act apply only in state courts, so there is no conflict. According to Sections 1 and 2 of the Federal Arbitration Act, it applies to arbitration agreements related to transactions between parties in different states and with foreign parties, as in this case. Section 9 of the Federal Arbitration Act provides that a court must confirm an arbitration award if there is an agreement for confirmation and an application for confirmation is made within one year after the award, unless a party applies for vacating or modifying the award. Section 13 of the Federal Arbitration Act states that an arbitration award cannot be enforced unless a confirmation decision is made and a judgment is entered (Exhibits No. 12-1, No. 12-2).

In Japan, treaties have a higher domestic legal effect than laws. Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation can be directly applied

domestically and thus takes precedence over the Arbitration Act. Although the latter part of Article 7, Paragraph 1 of the New York Convention states, "Nothing in this Convention shall deprive any party of any right it may have to avail itself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is relied upon," the Japan-U.S. Treaty of Amity, Commerce, and Navigation does not have similar provisions, so the respondent cannot seek recognition and enforcement of the arbitral award under Japan's Arbitration Act in this case. The respondent has not asserted or proven any of the requirements of Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation, particularly the requirement that the arbitral award is enforceable under the law of the United States.

3. The Respondent's Application for Confirmation of the Arbitration Award under Section 207 of the Federal Arbitration Act in the United States

Although the application and summons have not been served on the appellant, according to the litigation records published online by the U.S. courts (Exhibits No. 13-1, No. 13-2), on August 21, 2023, the respondent filed an application for confirmation of the arbitration award under Section 207 of the Federal Arbitration Act against the appellant in the United States District Court. The section provides that if an application for confirmation is made within three years after an arbitral award to which the New York Convention applies, the court must confirm the arbitration award unless one of the reasons for refusal or delay of recognition or enforcement specified in the New York Convention is recognized (Exhibits No. 12-1, No. 12-2). The Code of Civil Procedure is applied mutatis mutandis to court procedures under Section 10 of the Arbitration Act, but this case involves international parallel litigation regarding the same arbitral award's recognition and enforcement under the New York Convention. Although the litigation in Japan is pending first, the arbitration procedure was conducted in the United States with the United States as the arbitration place, and the Membership Interest Purchase Agreement, including the arbitration agreement, was negotiated through the appellant's U.S. attorney, and it is claimed to have been signed by the appellant's representative, although the signatory is not identified. Considering the nature of the case, the burden on the defendant due to litigation, the location of evidence, and other circumstances, it would harm the equity between the parties and hinder the realization of fair and prompt proceedings if the Japanese court conducts the trial and judgment. Since the requirements of Article 3-9 of the Code of Civil Procedure are recognized, the application should be dismissed due to special circumstances, or at least the procedure

related to the application should be suspended until the confirmation procedure in the United States is completed and the judgment becomes final and biding. Once the confirmation decision of the arbitral award is made and the judgment is registered and finalized, if the requirements specified in Article 118 of the Code of Civil Procedure are met, it will be recognized as a final judgment of a foreign court, and execution will be carried out by the execution judgment specified in Article 24 of the Civil Execution Act. The Tokyo District Court judgment on September 6, 1969 recognizes this (Exhibit No. 14). However, the appellant is not required to respond to the lawsuit until the application and summons are served in accordance with the provisions of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, so they have not responded.

4. Grounds for Refusal of Recognition and Enforcement of the Arbitration Award under Article 5, Paragraph 1(a) of the New York Convention
The first requirement of Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation simply stipulates "a judgment duly made in accordance with the contract," but this requirement should naturally presuppose a valid arbitration agreement, and even if the arbitrator determines the arbitration agreement to be valid by applying New York State law based on the conflict of laws rules of New York, as in this case, it should be a matter that can be re-examined at the time of enforcement of the arbitral award. This point is explicitly stated in the New York Convention, and under Article 5, Paragraph 1(a) of the New York Convention, the incapacity of a party to the arbitration agreement under the applicable law is a ground for refusal of recognition and enforcement of the arbitral award. The New York Convention does not specify how to determine the applicable law for the party, but it is generally understood to be determined by the conflict of laws rules of the country where recognition and enforcement of the arbitral award are sought (Exhibit No. 14). When recognition and enforcement of an arbitration award are sought in Japan, Japan's conflict of laws rules apply.

Who has the authority to represent the company is not stipulated in the General Rules on the Application of Laws, which is Japan's rule on conflict of laws, and it is left to interpretation. Various views exist, but it is a matter of the company's capacity to act, and the view that the law of incorporation, which is the company's personal law, applies is considered the prevailing view in Japan's conflict of laws rules (Exhibit No. 15).

9

According to this view, the appellant is a company incorporated under Japanese law, and Japanese law applies. Under Article 362, Paragraph 2 of the Companies Act, a company with a board of directors, like the appellant, must appoint a representative director from among the directors, and under Article 349, Paragraph 4 of the Companies Act, the representative director has the authority to represent the company, and each director does not have the authority to represent the company. Under Article 354 of the Companies Act, if a company gives a title recognized as having the authority to represent the company, such as president or vice president, to a director other than the representative director, the company is liable to a third party in good faith for acts performed by that director. Furthermore, the provisions of apparent authority under Article 109 of the Civil Code are understood to apply only to voluntary agency and not to statutory agency (Grand Court Judgment, May 17, 1906, Grand Court Civil Judgment Record Vol. 12, p. 758). Since a person in the position of a representative director of a company is naturally recognized as having the authority to represent the company, the "indication of granting authority to another person" required by Article 109 of the Civil Code does not become an issue, and similarly, Article 109 of the Civil Code does not apply. In addition, the provisions of apparent authority under Article 110 of the Civil Code do not apply unless the agent has some authority to represent.

In this case, the appellant claims that Mr. Matsumoto, who signed the appellant's signature section of the Membership Interest Purchase Agreement, was merely a director of the appellant and did not have the authority to represent the company, nor was he given a title recognized as having the authority to represent the company (Exhibit No. 9). Regardless of whether the respondent is in good faith, the appellant is not liable for the arbitration agreement.

5. Conclusion

As stated above, the original decision must be reversed because it fails to consider that: (i) the requirements of Article 4, Paragraph 2 of the Japan-U.S. Treaty of Amity, Commerce, and Navigation are not met; (ii) the respondent has applied for confirmation of the arbitral award under Section 207 of the Federal Arbitration Act in the United States; and (iii) there are grounds for refusal of recognition and enforcement of the arbitration award under Article 5, Paragraph 1(a) of the New York Convention.

End

(Attachment)
List of Parties

Appellant
Flower Payment, Inc.
Representative Director
Shinnosuke Wakahama
3-3-1 Marunouchi, Chiyoda-ku, Tokyo 100-0005

[Service Address]
King & Wood Mallesons
Law Offices (Foreign Law Joint Enterprise)
21st Floor, Marunouchi Nijubashi Building
3-2-3 Marunouchi, Chiyoda-ku, Tokyo 100-0005
Phone: 03-5218-6711
FAX: 03-5218-6712

Counsel for the Appellant
Ryunosuke Ushijima
Chisaki Kishi
Leon Go

Respondent
Palmco Administration LLC
Representative
Robert Palmese
8751 18th Avenue, Brooklyn, New York, USA

End

11

令和6年(ラ)第149号　執行許可決定に対する執行抗告事件

（原審・東京地方裁判所令和5年(仲)第2号）

決　　　　　　定

東京都千代田区丸の内3丁目3番1号

<table>
<tr><td>抗　　告　　人</td><td>フラワーペイメント株式会社</td></tr>
<tr><td>同代表者代表取締役</td><td>若　濱　真　之　介</td></tr>
<tr><td>同　代　理　人　弁　護　士</td><td>牛　島　龍　之　介</td></tr>
<tr><td>同</td><td>岸　　知　　咲</td></tr>
<tr><td>同</td><td>呉　　礼　　恩</td></tr>
</table>

アメリカ合衆国　ニューヨーク州　ブルックリン18番街　8751

<table>
<tr><td>相　　手　　方</td><td>パルコム・アドミニストレーションLLC</td></tr>
<tr><td>同　代　表　者</td><td>ロバート・パルミーシ</td></tr>
<tr><td>同　代　理　人　弁　護　士</td><td>三　宅　　淳</td></tr>
</table>

主　　　　　　文

1　本件抗告を棄却する。

2　抗告費用は抗告人の負担とする。

理　　　　　　由

第1　本件抗告の趣旨及び理由

　　本件抗告の趣旨及び抗告の理由は、別紙「即時抗告申立書」に記載のとおりである。

第2　事案の概要（略称は原決定の例による。）

1　本件は、相手方が抗告人及びGQAホールディングスLLCを相手方としてエネルギー事業の譲渡に関する紛争について米国仲裁協会国際紛争解決センターに申し立てた本件仲裁事件において、本件仲裁廷が令和4年12月9日に本件仲裁判断を言い渡したとして、相手方が、仲裁法46条1項に基づき、本件

- 1 -

仲裁判断に基づく執行決定を求めた事案である。

　　原審が、本件仲裁判断に仲裁法４５条２項９号の事由は存在しないとして、仲裁法４６条１項に基づき、本件仲裁判断に基づく執行決定を認めたところ、抗告人が抗告した。

　　抗告人は、当審において、本件仲裁判断に基づく執行の手続には、日米友好通商航海条約が適用されるところ、本件においては同条約４条２項の要件を満たしていないなどと主張し、相手方は、当審において、予備的に外国仲裁判断の承認及び執行に関する条約（以下「ニューヨーク条約」という。）３条に基づく請求を追加した。

２　前提事実は、原決定４頁２行目の末尾の次に行を改めて以下のとおり加えるほかは、原決定の「理由」第２の２（原決定２頁１０行目冒頭から４頁２行目末尾まで、別紙を含む。）に記載のとおりであるから、これを引用する。

「(6)　日本とアメリカ合衆国は、昭和２８年４月２日に日米友好通商航海条約を締結し、その後、日本は昭和３６年６月２０日に、アメリカ合衆国は昭和４５年９月３０日に、それぞれニューヨーク条約に加入した。

(7)　本件執行決定の手続において、米国仲裁協会の国際部門である国際紛争解決センターのアシスタント・ヴァイス・プレジデントの証明のある本件仲裁判断の写し及びその翻訳書が提出されている。」

第３　当裁判所の判断

１　補正して引用する原決定第２の２のとおり、アメリカ合衆国ニューヨーク州法に準拠して設立された有限会社である相手方は、日本の株式会社である抗告人を被申立人として、日本における本件仲裁判断に基づく執行決定を求めているところ、本件仲裁判断はアメリカ合衆国においてされ、日本及びアメリカ合衆国は、日米友好通商航海条約を締結し、また、いずれもニューヨーク条約に加入しているから、本件仲裁判断に基づく執行の手続に、日米友好通商航海条約、ニューヨーク条約又は日本の仲裁法のいずれが適用されるかが問題とな

- 2 -

る。

　　ニューヨーク条約７条１項は、「この条約の規定は、締約国が締結する仲裁判断の承認及び執行に関する多数国又は二国間の合意の効力に影響を及ぼすものではなく、また、仲裁判断が援用される国の法令又は条約により認められる方法及び限度で関係当事者が仲裁判断を利用するいかなる権利をも奪うものではない。」と規定しているところ、ニューヨーク条約は、外国仲裁判断の承認、執行を円滑にすることを目的としているものと解されるから、これは、外国仲裁判断の承認及び執行を求める当事者において、より制限的でない仲裁判断が援用される国の法令又は条約を選択することを認めたものというべきである。そうすると、アメリカ合衆国においてされた仲裁判断の執行を日本において行う場合、日米友好通商航海条約、ニューヨーク条約及び日本の仲裁法のうち、同仲裁判断の承認及び執行を求める者が最も制限的ではないとして選択した条約ないし仲裁法を適用すべきである。

　　したがって、本件仲裁判断に基づく執行手続には、相手方がその適用を主張する日本の仲裁法が適用されるというべきである。

２　前記１のとおり、本件仲裁判断の執行決定の手続には日本の仲裁法が適用され、また、補正して引用する原決定第２の２⑺のとおり、仲裁法４６条２項所定の書面が提出されているところ、当裁判所も、相手方は、仲裁法４６条１項に基づき本件仲裁判断の執行決定を求めることができると判断する。その理由は、原決定の「理由」第３の１（原決定５頁２０行目冒頭から７頁２４行目末尾まで）に記載のとおりであるから、これを引用する。

３⑴　これに対し、抗告人は、本件仲裁事件に係る仲裁合意（以下「本件仲裁合意」という。）の締結に当たって抗告人を代表した松本純孝（以下「松本」という。）は、抗告人の取締役にすぎず、抗告人を代表する権限はない旨主張する。

　　　しかし、記録及び審尋の全趣旨によれば、松本は、抗告人の担当者とし

－ 3 －

て、本件仲裁合意を含む本件契約の締結に向けての相手方との交渉を行って
いたところ、抗告人代表者は、同交渉に関して松本と相手方担当者との間で
送受信されたメールを受信していたが、松本の上記交渉について異議等を述
べていないこと、抗告人は本件契約によって相手方から譲り受けた事業を１
８か月間運営したことが認められ、同事実からすると、松本は、抗告人か
ら、本件仲裁合意を締結する代理権を授与されていたものと認められるか
ら、抗告人の上記主張を採用することはできない。

(2)　また、抗告人は、相手方は、アメリカ合衆国において、連邦仲裁法２０７
条に基づき本件仲裁判断の確認の申立てをしており、同手続は確定していな
い旨主張するが、本件仲裁合意においては、仲裁判断は上訴又は再審の対象
とならない旨合意されているから（本件契約１１．２２条）、本件仲裁判断
が確定していないということはできず、また、抗告人が主張する上記事実が
仲裁法上の執行決定をする上で支障となるとも認められない。

4　抗告人がその他主張する点も、前記認定、判断に照らし、採用できない。

5　よって、本件抗告は、棄却されるべきであり、主文のとおり決定する。

　　　　令和６年１０月１日

　　　　東京高等裁判所第２１民事部

　　　　　　　　裁判長裁判官　　　　永　　谷　　典　　雄

　　　　　　　　裁判官　　　　佐　　野　　　　　　信

　　　　　　　　裁判官　　　　福　　渡　　裕　　貴

－ 4 －



# 即時抗告申立書

2023年12月28日

東京高等裁判所　御中

東京地方裁判所　御中

抗告人代理人弁護士　　牛　嶋　龍之介　㊞

　　　　　同　　　　　　岸　　知　咲　㊞

　　　　　同　　　　　　呉　　礼　恩　㊞

　別紙当事者目録記載の当事者間の東京地方裁判所令和5年（仲）第2号執行決定
申立事件について、同裁判所が令和5年12月21日にした後述の決定は不服であ
るから即時抗告を申し立てる。

## 第1　原決定の表示

　　同裁判所の令和5年12月21日にした決定（以下「原決定」という。）
　は、以下のとおりである。

1　　申立人が被申立人及びGQAホールディングスLLCを相手方として米国
　　　仲裁協会国際紛争解決センターに申し立てた事件（事件番号01−21−0
　　　016−1420）について、同センターの仲裁廷が令和4年12月9日に
　　　言い渡した仲裁判断のうち、被申立人が、申立人に対し、GQAホールディ
　　　ングスLLCと連帯して負っている164万6690．02米ドル、利息6

- 1 -

5



| 貼用印紙 | 1500　円 |
| 郵　券 | 2600　円 |
| 備考 | |

０万４１８０．０８米ドル、弁護士費用３５万０２７５．１１米ドル、仲裁

費用１１万０６６２．５０米ドル及び令和４年１２月１０日から支払済みに

至るまで１日当たり５４１．３８米ドルの金員の支払義務につき、申立人が

被申立人に対し強制執行をすることを許可する。

２　申立費用は被申立人の負担とする。

## 第２　抗告の趣旨

原決定を取り消すとの裁判を求める。

## 第３　抗告の理由

### １　要旨

以下に述べるとおり、原決定は、本件仲裁判断に基づく執行決定にあたっ

て、①日本とアメリカ合衆国との間の友好通商航海条約（以下「日米友好通

商航海条約」という。）第４条第２項の要件を満たしていないこと、②被抗

告人が、抗告人に対し、アメリカ合衆国連邦裁判所で連邦仲裁法第２０７条

に基づく仲裁判断の確認手続を申請していること、③外国仲裁判断の承認及

び執行に関する条約（以下「ニューヨーク条約」という。）第５条第１項

（ａ）前段の仲裁判断の承認及び執行の拒絶事由があることを考慮しておら

ず、取り消されなければならない。

### ２　日米友好通商航海条約第４条第２項の要件を満たしていないこと

日本及びアメリカ合衆国はニューヨーク条約の締約国であり、日本におい

て適用を締約国でなされた仲裁判断に限定する留保の下で１９６１年９月１

８日に発効し、アメリカ合衆国において１９７０年１２月２９日に発効し

た。同条約第７条第１項前段には、「この条約の規定は、締約国が締結する

仲裁判断の承認及び執行に関する多数国間又は二国間の合意の効力に影響を

及ぼすものではなく」と定められている。ニューヨーク条約は、この規定に

より、後法優先の原則（Lex posterior derogat legi priori として、国際的にも認められた原則である。）を否定している。日本及びアメリカ合衆国で締結している日米友好通商航海条約も効力を有し、ニューヨーク条約の発効前の１９５３年１０月３０日に発効している。本件には、ニューヨーク条約と日米友好通商航海条約との関係がいわば一般法と特別法の関係にあるものとして、特別法優先の原則（Lex specialis derogat legi generali として、一般法及び特別法の成立の前後に関係なく、国際的にも認められた原則である。）により、日米友好通商航海条約第４条第２項が適用される。大阪地裁平成２３年３月２５日決定は、ニューヨーク条約と日中貿易協定との関係がいわば一般法と特別法の関係にあることを認めている（乙１０号証）。ニューヨーク条約よりも緩やかな要件で執行を認める条約が優先適用されるが、厳しい要件の条約がニューヨーク条約締約国の間では適用されないとの見解も唱えられている。同条約第７条第１項後段には、「仲裁判断が援用される国の法令又は条約により認められる方法及び限度で関係当事者が仲裁判断を利用するいかなる権利をも奪うものではない」と定められているだけで、厳しい要件の条約がニューヨーク条約締約国の間では適用されない帰結を導く条文上の根拠がない。名古屋地裁一宮支部昭和６２年２月２６日判決（乙１１号証）は、ニューヨーク条約の適用について何ら言及することなく、日米友好通商航海条約第４条第２項を適用している。その結果、一方の国を仲裁地とする仲裁判断を他方の国の管轄裁判所が執行宣言するためには、以下の４要件が必要とされる。

　①仲裁による紛争の解決を規定する契約に従って正当にされた仲裁判断であること

　②仲裁判断がされた地の法令において確定していること

　③仲裁判断がされた地の法令において執行することができること

　④執行を宣言することを求められた国の管轄裁判所が公序良俗に反する

　　　　と認めないこと

　アメリカ合衆国には、連邦仲裁法と州仲裁法があるが、アメリカ合衆国憲法第6編第2項の最高法規条項により、連邦仲裁法と州仲裁法が抵触する場合には、連邦仲裁法が優先する。しかし、これは、連邦仲裁法の実体法の規定に関する限り当てはまるが、連邦仲裁法の手続法の規定は、連邦裁判所でのみ適用され、州仲裁法の手続法の規定は、州裁判所でのみ適用されるので、両者が抵触することはない。連邦仲裁法第1条及び第2条によれば、連邦仲裁法は、本件のような異なる州間の当事者間の取引及び外国の当事者との取引に関する仲裁合意がある場合に適用される。連邦仲裁法第9条は、裁判所による仲裁判断の確認手続は、確認手続をする合意があり、かつ、仲裁判断後1年以内に確認手続の申請があれば、当事者から仲裁判断の取消又は変更の請求がなされていない限り、認めなければならないとされている。そして、連邦仲裁法第13条では、仲裁判断の確認決定がされて、判決が登録されないと執行できないとされている（乙12－1号証、乙12－2号証）。

　日本では、条約には法律より上位の国内法上の効力が認められる。日米友好通商航海条約第4条第2項は国内で直接適用することが可能であるので、仲裁法に優先して適用される。ニューヨーク条約第7条第1項後段には、「この条約の規定は、仲裁判断が援用される国の法令又は条約により認められる方法及び限度で関係当事者が仲裁判断を利用するいかなる権利をも奪うものではない」と定められているが、日米友好通商航海条約には、同種の規定がないので、本件では、被抗告人は、日本の仲裁法に基づく仲裁判断の承認及び執行を求めることはできない。

　被抗告人は、日米友好通商航海条約第4条第2項の要件、特に仲裁判断がアメリカ合衆国の法令において執行することができることの要件の主張及び立証を一切していない。

3 被抗告人が、抗告人に対し、アメリカ合衆国連邦裁判所で連邦仲裁法第２０

  ７条に基づく仲裁判断の確認手続を申請していること

　　抗告人に対する申請書及び召喚状の送達がされていないが、アメリカ合衆

　国裁判所のオンラインで公開された訴訟記録（乙１３－１号証、乙１３－２

　号証）によれば、２０２３年８月２１日、被抗告人は、抗告人に対し、連邦

　仲裁法第２０７条に基づく仲裁判断の確認手続の申請書をアメリカ合衆国連

　邦地方裁判所に提出した。同条では、ニューヨーク条約の適用される仲裁判

　断の後３年以内に確認手続の申請があれば、裁判所は、ニューヨーク条約の

　定める仲裁判断の承認又は執行を拒絶又は遅らせる理由の一つが認められな

　い限り、仲裁判断を確認しなければならないとされている（乙１２－１号

　証、乙１２－２号証）。　仲裁法第１０条により、裁判所が行う手続に関し

　て、民事訴訟法が準用されているが、本件は、同一の仲裁判断のニューヨー

　ク条約に基づく承認及び執行という同一の事件について国際的な訴訟競合が

　生じている。日本での訴訟が先に係属しているものの、仲裁地をアメリカ合

　衆国として同国内で仲裁手続が行われており、仲裁合意を含むアメリカ合衆

　国の会社の持分譲渡契約書が抗告人のアメリカ合衆国弁護士を通じて交渉さ

　れ、署名者が特定されていないものの抗告人の代表者によって署名されたと

　主張されているので、事案の性質、応訴による被告の負担の程度、証拠の所

　在地その他の事情を考慮して、日本の裁判所が審理及び裁判をすることが当

　事者間の衡平を害し、又は適正かつ迅速な審理の実現を妨げることになる。

　このように民事訴訟法第３条の９の要件が認められるので、特別事情により

　申立ての却下をするか、少なくとも、アメリカ合衆国の確認手続が終了し

　て、それに関する裁判が確定するまで、申立てに係る手続を中止するべきで

　ある。

　　仲裁判断の確認決定がされ、判決が登録、確定すると、民事訴訟法第１１

　８条の定める要件を具備すれば、外国裁判所の確定判決として承認され、民

事執行法第２４条の執行判決が確定することにより執行される。東京地裁昭和４４年９月６日判決は、これを認めている（乙１４号証）。しかし、抗告人は、被抗告人に対する申請書及び召喚状が民事又は商事に関する裁判上及び裁判外の文書の外国における送達及び告知に関する条約の定めに従って送達されるまでは応訴する必要はないので、応訴していないに過ぎない。

4　ニューヨーク条約第５条第１項（ａ）前段の仲裁判断の承認及び執行の拒絶事由があること

　　日米友好通商航海条約第４条第２項の第１の要件は、単に「契約に従って正当にされた判断」と規定しているが、この要件は有効な仲裁契約であることは当然前提とされているというべきであり、本件のように仲裁人がニューヨーク州の抵触法のルールに基づいてニューヨーク州法を適用して仲裁契約を有効と判断している場合でも、その仲裁判断の執行に際して再審できる問題であるというべきである。この点は、ニューヨーク条約では明記されており、ニューヨーク条約第５条第１項（ａ）前段により、仲裁合意の当事者が、その当事者に適用される法令により無能力者であったことは、仲裁判断の承認及び執行の拒絶事由とされている。ニューヨーク条約には、その当事者に適用される法をどのように決定するかについて、規定がないが、仲裁判断の承認及び執行が求められている国の抵触法に関するルールによって決定されると解するのが一般的である（乙１４号証）。日本において仲裁判断の承認及び執行が求められている場合には、抵触法に関する日本のルールが適用される。

　　誰が会社を代表する権限を有するかは、抵触法に関する日本のルールである法の適用に関する通則法には、規定がなく、解釈に委ねられている。様々な見解があるが、会社の行為能力の問題であり、会社の属人法である設立準拠法が適用されるとするのが抵触法に関する日本のルールであるとする見解が有力である（乙１５号証）。この見解によれば、抗告人は日本法に準拠し

て設立された会社であり、日本法が適用される。会社法第３６２条第２項に
より、抗告人のような取締役会設置会社は、取締役の中から代表取締役を選
定する必要があり、会社法第３４９条第４項により、代表取締役が会社を代
表する権限を有しており、各取締役が会社を代表する権限を有するものでは
なく、会社法第３５４条により、会社は、代表取締役以外の取締役に社長、
副社長その他会社を代表する権限を有するものと認められる名称を付した場
合には、当該取締役がした行為について、善意の第三者に対してその責任を
負うとされている。また、民法第１０９条の表見代理の規定は、任意代理だ
けに適用され、法定代理には適用されないと解されている（大審院判決明治
３９年５月１７日大審院民事判決録１２輯７５８頁）。会社の代表取締役の
地位にある者に当然に会社を代表する権限を認められるので、民法第１０９
条の要件とする「第三者に対して他人の代理権を与えた旨の表示」が問題と
ならないので、同様に民法第１０９条の適用がない。さらに、民法第１１０
条の表見代理の規定は、代理人になんらかの代理権がなければ、適用がな
い。

　本件では、抗告人は、持分譲渡契約書の抗告人署名欄に署名した松本氏が
抗告人の単なる取締役であったに過ぎず、会社を代表する権限を有しておら
ず、会社を代表する権限を有するものと認められる名称を付していない（乙
９号証）。被抗告人が善意か否かを問わず、抗告人が仲裁合意について契約
責任を負うことはない。

5　まとめ

　以上のとおり、原決定は、本件仲裁判断に基づく執行決定にあたって、①
日米友好通商航海条約第４条第２項の要件を満たしていないこと、②被抗告
人が、抗告人に対し、アメリカ合衆国連邦裁判所で連邦仲裁法第２０７条に
基づく仲裁判断の確認手続を申請していること、③ニューヨーク条約第５条
第１項（ａ）前段の仲裁判断の承認及び執行の拒絶事由があることを考慮し

 ておらず、取り消されなければならない。

以上

（別紙）

当事者目録

〒１００−０００５　東京都千代田区丸の内三丁目３番１号

　　　　　　　　抗　　告　　人　　フラワーペイメント株式会社

　　　　　　　同代表者代表取締役　　若　濱　　真之介


〒１００−０００５　東京都千代田区丸の内３−２−３

　　　　　　　　丸の内二重橋ビル２１階（送達場所）

　　　　　　　　Ｋｉｎｇ＆Ｗｏｏｄ　Ｍａｌｌｅｓｏｎｓ

　　　　　　　　法律事務所・外国法共同事業

　　　　　　　　電　話　０３−５２１８−６７１１

　　　　　　　　ＦＡＸ　０３−５２１８−６７１２

　　　　　　　　抗告人代理人弁護士　　牛　嶋　　龍之介

　　　　　　　　同　　　　　　　　　　岸　　知　咲

　　　　　　　　同　　　　　　　　　　呉　　礼　恩


アメリカ合衆国　ニューヨーク州　ブルックリン１８番街　８７５１

　　　　　　　　被　抗　告　人　　パルムコ・アドミニストレーションＬＬＣ

　　　　　　　　同　代　表　者　　ロバート・パルミーシ


以上

これは正本である。

令和 6 年 /0 月 / 日

東京高等裁判所第21民事部

裁判所書記官　石　村　千　春 

- 9 -