# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALMCO ADMINISTRATION, LLC,<br><br>        Petitioner,<br><br>v.<br><br>FLOWER PAYMENT, INC. (F/K/A FLOWER POWER, INC. AND FLOWER POWER CO. LTD. JAPAN A/K/A FLOWER DENRYOKY KABUSHIKI KAISHA),<br><br>        Respondent. | Civil Action No. 1:23-cv-07409-VM |

**MEMORANDUM OF LAW IN SUPPORT OF KING & WOOD MALLESONS LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR RESPONDENT**

# **TABLE OF CONTENTS**

STANDARD OF REVIEW ........................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.      Respondent Has Discharged KWM NY And Consented To Its Withdrawal ...................... 2

    II.     Respondent's Failure to Cooperate Renders Counsel's Representation Unreasonably Difficult .................................................................................................................................. 3

    III.    Respondent Will Not Pay For Future Legal Fees In This Action ................................... 3

    IV.    Withdrawal Would Not Result In A Material Adverse Effect On Respondent ............... 4

    V.     KWM NY Asserts A Retaining Lien ................................................................................ 5

CONCLUSION ............................................................................................................................... 5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Callaway Golf Co. v. Corp. Trade Inc.*,
    No. 10 CIV. 1676 GBD JCF, 2011 WL 2899192 (S.D.N.Y. July 6, 2011) ..............................2

*Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*,
    No. 08CIV5463(CM)(GWG), 2009 WL 969925 (S.D.N.Y. Apr. 7, 2009)..............................4

*Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*,
    No. 01 Civ. 2950 (DAB), 2005 WL 1963945 (S.D.N.Y. Aug. 15, 2005) ................................3

*Dist. Att'y of New York Cnty. v. Republic of the Philippines*,
    307 F. Supp. 3d 171 (S.D.N.Y. 2018)....................................................................................5

*Farmer v. Hyde Your Eyes Optical, Inc.*,
    60 F. Supp. 3d 441 (S.D.N.Y. 2014)......................................................................................1

*Liang v. Lucky Plaza Rest.*,
    2013 WL 3757036 (S.D.N.Y. July 17, 2013) ........................................................................3

*Marciano v. DCH Auto Grp.*,
    No. 11-CV-9635 (KMK), 2016 WL 11703590 (S.D.N.Y. Feb. 2, 2016)...................................3

*Milltex Grp. Inc. v. Gossard & Berlei Ltd.*,
    No. 15-CV-10002(RA), 2017 WL 9771811 (S.D.N.Y. Apr. 10, 2017) ....................................4

*Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.*,
    No. 13 CIV. 3137 (ER), 2016 WL 11947502 (S.D.N.Y. Nov. 4, 2016) ...................................5

*Resolution Trust Corp. v. Elman*,
    949 F.2d 624 (2d Cir.1991)...................................................................................................5

*Ritchie v. Gano*,
    No. 07 Civ. 7269, 2008 WL 4178152 (S.D.N.Y. Sept. 8, 2008)..............................................1

*S.E.C. v. Gibraltar Glob. Sec., Inc.*,
    No. 13 CIV. 2575 GBD JCF, 2015 WL 2258173 (S.D.N.Y. May 8, 2015)............................2

*Sang Lan v. AOL Time Warner, Inc.*,
    No. 11 CIV. 2870 LBS JCF, 2011 WL 5170311 (S.D.N.Y. Oct. 31, 2011) ...........................4

*Stair v. Calhoun*,
    722 F. Supp. 2d 258 (E.D.N.Y. 2010) ..............................................................................4, 5

*TufAmerica, Inc. v. Codigo Music LLC*,
   No. 11 CIV. 1434 (ER), 2017 WL 3475499 (S.D.N.Y. Aug. 11, 2017) ...............................2, 4

*Vega v. HSBC Sec. (USA) Inc.*,
   No. 16CV9424JGKKNF, 2019 WL 3162178 (S.D.N.Y. May 10, 2019) .................................2

**Other Authorities**

New York Rules of Professional Conduct Rule 1.16 ............................................................ passim

S.D.N.Y. Local Civil Rule 1.4 ................................................................................................ passim

Pursuant to S.D.N.Y. Local Civil Rule 1.4 and Rule 1.16(c) of the Rules of Professional Conduct, King & Wood Mallesons LLP's New York office ("**KWM NY**"), Mary M. Utterback, Esq., Vincent Filardo, Jr., Esq., and Andrew Sklar, Esq. (collectively, "**Counsel**"), attorneys of record for Respondent Flower Payment, Inc. ("**Flower Payment**" or "**Respondent**") in the above-captioned action, respectfully submit this Memorandum of Law, together with the Declaration of Mary M. Utterback ("**M. Utterback Decl.**"), dated March 3, 2025, in support of their Motion to Withdraw as counsel of record for Respondent. For the reasons set forth herein and in the remainder of the record, Counsel respectfully request that the Court enter an Order: (i) granting Vincent Filardo, Jr., Esq., Mary M. Utterback, Esq. Andrew Sklar, Esq., and any and all other KWM NY appearing attorneys leave to withdraw as counsel to Respondent in this action; (ii) granting KWM NY a retaining lien; and (iii) granting such other and further relief as may be just and proper.

## STANDARD OF REVIEW

In considering a motion for withdrawal of counsel, courts analyze two factors: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014).

Rule 1.16(b) of the New York Rules of Professional Conduct ("**RPC**") dictates when an counsel must withdraw, and Rule 1.16(c) dictates when counsel may withdraw. *See generally* RPC 1.16; *see also Ritchie v. Gano,* No. 07 Civ. 7269, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008) ("New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."). Under the RPC, counsel must withdraw where "the lawyer is discharged," (RPC 1.16(b)(3)) and may

withdraw where (i) "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively," (RPC 1.16(c)(7)); (ii) "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," (RPC 1.16(c)(5)); and (iii) withdrawal can be accomplished without material adverse effect on the interests of the client" (RPC 1.16(c)(1)).

## ARGUMENT

### I. Respondent Has Discharged KWM NY And Consented To Its Withdrawal

RPC Rule 1.16(b)(3) requires a lawyer "to withdraw from representation when . . . the lawyer is discharged." *Id.*; *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10 CIV. 1676 GBD JCF, 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011) ("when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.") (internal citation omitted).

Flower Payment has discharged KWM NY as its counsel in this action and has consented to its withdrawal. *See* M. Utterback Decl. at ¶ 3. Accordingly, KWM NY respectfully requests that your Honor grant KWM NY and its attorneys' motion to withdraw. *See S.E.C. v. Gibraltar Glob. Sec., Inc.,* No. 13 CIV. 2575 GBD JCF, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015) ("the second reason proffered for the withdrawal, which is that Mr. Davis has discharged [counsel], is generally satisfactory."); *Vega v. HSBC Sec. (USA) Inc.,* No. 16CV9424JGKKNF, 2019 WL 3162178, at *1 (S.D.N.Y. May 10, 2019) (granting motion to withdraw where client discharged counsel and failed to pay outstanding invoice); *TufAmerica, Inc. v. Codigo Music LLC*, No. 11 CIV. 1434 (ER), 2017 WL 3475499, at *6-7 (S.D.N.Y. Aug. 11, 2017) (granting motion to withdraw where there were "irreconcilable differences and Plaintiff's consent[ed] to [the attorneys'] withdrawal").

## II. Respondent's Failure to Cooperate Renders Counsel's Representation Unreasonably Difficult

Satisfactory reasons for withdrawal include circumstances where the client fails to cooperate with counsel. *See e.g.*, *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (collecting cases); *see also* RPC 1.16(c)(7). Indeed, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1-2 (S.D.N.Y. Feb. 2, 2016) (citation omitted); *see also* RPC 1.16(c)(7).

Flower Payment has instructed KWM NY "to take no further action in the instant matter," (ECF 37), and that KWM NY should "cease acting as its legal representative, refrain from engaging in any further arguments on the merits of this case, and that it will not cooperate in any manner moving forward." M. Utterback Decl. at ¶ 4.

As KWM NY has been discharged and cannot take any further action without violating Flower Payment's explicit instructions, and because Flower Payment has explicitly stated that it will not cooperate in any manner moving forward, further representation of Flower Payment is unreasonably difficult. *See Liang v. Lucky Plaza Rest.*, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw where the client failed to cooperate).

## III. Respondent Will Not Pay For Future Legal Fees In This Action

"[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *See Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002(RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017) (citation omitted); *see also Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*, No. 08CIV5463(CM)(GWG), 2009 WL 969925, at *1-2 (S.D.N.Y.

3

Apr. 7, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); *see also* RPC 1.16(c)(5).

To the extent that KWM NY's motion to withdraw is denied, Flower Payment has informed KWM NY that it will not pay any fees incurred for further work in this action. M. Utterback Decl. at ¶ 5. Accordingly, KWM NY respectfully requests that your Honor grant it leave to withdraw based on non-payment of fees. *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 266–67 (E.D.N.Y. 2010) (granting motion to withdraw on the ground that the client's failure to pay a substantial amount of fees was both knowing and substantial); *TufAmerica, Inc.*, No. 11 CIV. 1434 (ER), 2017 WL 3475499, at *6-7 ("refus[al] to pay for his legal services [was] sufficient" to grant counsel's withdrawal).

## IV. Withdrawal Would Not Result In A Material Adverse Effect On Respondent

The posture of this case is such that KWM NY's withdrawal can be accomplished without a material adverse effect on the interests of Flower Payment. Flower Payment has agreed to withdraw its motion to dismiss (ECF 37), and as a result, all pending matters have been fully briefed and substitute counsel can quickly be brought current to represent Flower Payment. *Sang Lan v. AOL Time Warner, Inc.*, No. 11 CIV. 2870 LBS JCF, 2011 WL 5170311, at *3 (S.D.N.Y. Oct. 31, 2011) (finding no disruption where discovery had not yet taken place, trial had not been scheduled, and "[a]lthough several motions are currently pending, all have been fully briefed."); *see also Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.*, No. 13 CIV. 3137 (ER), 2016 WL 11947502, at *2 (S.D.N.Y. Nov. 4, 2016) (granting motion to withdraw due to outstanding invoices and that where plaintiffs' motion for summary judgment had been fully briefed "withdrawal will not in and of itself unnecessarily delay the proceedings").

4

### V.    KWM NY Asserts A Retaining Lien

Pursuant to Local Rule 1.4, KWM NY is asserting a retaining lien in relation to its representation of Flower Payment. Under New York law, unless an attorney is discharged for good cause, the attorney is entitled to a retaining lien on "all client papers and property, including money, that come into the attorney's possession in the course of employment." *Resolution Trust Corp. v. Elman,* 949 F.2d 624, 626 (2d Cir.1991). "When counsel is granted leave to withdraw by the court, the discharge is not for cause." *Stair*, 722 F. Supp. 2d at 277.

KWM NY has informed Flower Payment that it is asserting a retaining lien and Flower Payment has not objected. *See* M. Utterback Decl. at ¶ 6. If the court grants KWM NY leave to withdraw, then KWM NY's withdrawal will be without cause and KWM NY respectfully requests that your Honor authorize a retaining lien. *See Dist. Att'y of New York Cnty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 221 (S.D.N.Y. 2018) (granting a retaining lien where the attorney was granted leave to withdraw and the client did not show any "exigent circumstances" that the court would need to consider in deciding whether to impose the requested lien).

### **CONCLUSION**

For the foregoing reasons, KWM NY respectfully requests that the Court endorse the attached proposed Order: (i) granting KWM NY and its appearing attorneys leave to withdraw as counsel to Flower Payment in this action; (ii) granting KWM NY a retaining lien; and (iii) granting such other and further relief as your Honor deems just and proper.

Date:   March 4, 2025
        New York, NY

*/s/ M.M. Utterback*
M.M. Utterback (*pro hac vice*)
Vincent Filardo, Jr.
Andrew Sklar
**KING & WOOD MALLESONS LLP**
500 Fifth Avenue, 50th Floor
New York, NY 10110
Telephone: (212) 319-4755
meg.utterback@us.kwm.com
vincent.filardo@us.kwm.com
andrew.sklar@us.kwm.com

*Counsel for Respondent Flower Payment, Inc.*